**Jo Ann FAY, Plaintiff–Appellant,**

v.

**COSTCO WHOLESALE CORPORATION, a Washington corporation; Patricia Hansen, "Tish", an individual, Defendants–Appellees.**

No. 12–55478.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 4, 2014.[*]

Filed Feb. 6, 2014.

Leo James Terrell, Law Office of Leo James Terrell, Beverly Hills, CA, for Plaintiff–Appellant.

David D. Kadue, Jamie C. Chanin, Seyfarth Shaw, LLP, Los Angeles, CA, for Defendants–Appellees.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN and HURWITZ, Circuit Judges, and VINSON, Senior District Judge.**

### MEMORANDUM ***

Jo Ann Fay appeals the district court's grant of summary judgment to Costco Wholesale Corporation on her California Fair Employment and Housing Act (FEHA) and California Labor Code retaliation and discrimination claims. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not err in finding no triable issues of fact on Fay's retaliation and discrimination claims. None of the episodes identified by Fay established retaliation or discrimination under California law.

2. Nor did the district court err in finding no triable issues of fact regarding Fay's claim that Costco violated the FEHA by failing to accommodate her disabilities. The evidence is undisputed that Costco repeatedly engaged in California's legally mandated interactive process and reasonably accommodated Fay's restrictions.

3. The district court also correctly concluded that there was no genuine issue of material fact whether Fay's termination was an act of illegal retaliation or disability discrimination. Fay was terminated for grabbing a customer and then lying about

the incident during Costco's subsequent investigation.

**AFFIRMED.**

---

** The Honorable C. Roger Vinson, Senior District Judge for the U.S. District Court for the Northern District of Florida, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

